**FILED
CLERK**

**12/15/2025**

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

Jeffrey Appleman,

         Plaintiff,

  -against-

Callan JMB, Inc., et. al.,

         Defendants
-----------------------------------------------------------X

s/ JMW **PROPOSED RULE 26(f)
SCHEDULING ORDER**

**2:25-cv-05593-JMW**

## I. DISCOVERY PLAN

Pursuant to Rule 26(f)(3), the parties have conferred and jointly propose the following Discovery Plan:

 **A.** The Parties **[do/do not]** anticipate the need for any changes to the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a).

 **B.** The Parties anticipate that discovery may be needed on at least the following subjects: **[list subject(s) below]**: Plaintiff's Job Performance (as a 1099 CFO consultant, and as a W-2 Full-Time CFO), Communications / Decision-Making At The Time of Callan JMB Inc's Termination of Plaintiff; Publication of Plaintiff's (Alleged) For Cause Termination; The Value of Restricted Stock Units and Stock Options of Callan JMB, Inc.; Plaintiff's Attempts at Mitigation of Damages; and Plaintiff's Emotional Distress Damages. In addition, Plaintiff anticipates seeking documents concerning the replacement CFO's Job performance.

 **C. Discovery Limitations.** The Parties have conferred and **[do/do not]** believe that any changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Civil and Local Rules of the Southern and Eastern Districts of New York.

 **D.** For cases where basis of subject matter jurisdiction is diversity:
  a. Is any party an LLC or partnership? **YES**/NO. If yes, list all members of the LLC or partnership and their respective states of citizenship:
  Defendant Coldchain Technology Services, LLC is a Texas LLC, whose sole member is Defendant Callan JMB, Inc., a Texas corporation.
  b. Citizenship of each plaintiff: Plaintiff is a citizen of New York.
  c. Citizenship of each defendant: Defendants are both citizens of Texas.

 **E. ESI Discovery:**

  a. Have counsel discussed the existence of electronically stored information and discussed the location and production of such information, as required by Rule 26?

YES **X** NO___

b. Have the parties entered into an ESI protocol stipulation? YES___ NO **X**
c. Alternatively, if no ESI protocol is necessary because of the limited amount of ESI in the case, please check here: **X**

*If needed, the parties are referred to the court's website for an ESI protocol template. https://www.nyed.uscourts.gov/content/magistrate-judge-james-m-wicks*

### F. Confidentiality
a. Do the parties anticipate the need for a confidentiality stipulation and order?
YES **X** NO___

*If needed, the parties are referred to the court's website for a Confidentiality Stipulation and Order template. https://www.nyed.uscourts.gov/content/magistrate-judge-james-m-wicks.*

### MAGISTRATE CONSENT
Pursuant to 28 U.S.C § 636(c), the parties have the right consent to have all proceedings, including trial, before a Magistrate Judge at any time.

*If the parties so consent, then the parties must file a Consent to Magistrate Judge form available on the Court's website, https://img.nyed.uscourts.gov/files/forms/ClerksNoticeofRule73.pdf.*

II. The parties' agreed-upon proposal for when discovery should be completed is set forth in Section II below.

| Date | Event |
|---|---|
| 12/19/2025: | Exchange of Rule 26(a)(1) disclosures |
| 1/16/2026: | Service of first interrogatories and document demands |
| 2/27/2026: | Responses to first interrogatories and document demands |
| 3/20/2026: | Motions to join new parties or amend the pleadings |
| 3/20/2026: | Meet and confer regarding 30(b)(6) depositions [CORPORATE DEPS] |
| 5/13/26 @ 9:30AM | Status conference to be held via Zoom. The Court will e-mail a Zoom invitation closer to the conference date. [~~DATE TO BE FILLED IN BY COURT~~] |
| 6/19/2026: | Completion of all fact discovery |
| 7/17/2026: | Identification of case-in-chief experts and service of Rule 26 disclosures |
| 8/14/2026: | Identification of rebuttal experts and service of Rule 26 disclosures |
| 9/18/2026: | Close of all discovery, including expert discovery |

s/ JMW

2

s/ JMW
v/
USMJ

AN

10/23/26: Final date by which parties shall take the first step of summary judgment motion practice. Depending on the assigned district judge, the first action commencing the practice would be either requesting a pre-motion conference or initiating the exchange of Local Civil Rule 56.1 statements. Parties are required to consult the individual rules of the district judge regarding motion practice. [DATE TO BE FILLED IN BY COURT]

11/20/26 @ 930 AM: Pretrial conference. These conferences shall be held via Zoom unless the case is assigned to the undersigned for all purposes including trial. If the assigned district judge requires one, a Joint Proposed Pre-Trial Order ("JPTO") in compliance with that judge's requirements and signed by counsel for each party must be received by the undersigned 5 business days prior to this conference. If a motion for summary judgment, or for a pre-motion conference as to the same, is filed then the Pretrial Conference will be adjourned *sine die* and the requirement, if any, to file the JPTO will be held in abeyance until further order of the court. [DATE TO BE FILLED IN BY COURT]

Pursuant to Rule 16, this scheduling order will be modified by the Court only upon a timely showing of good cause. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *see generally* Jeremiah J. McCarthy, *Rule 16(b)(4): Is "Good Cause" a Good Thing? Why I Hate Scheduling Orders*, 16 Fed. Cts. L. Rev. 1 (2024) (discussing standards applied in determining "good cause" under Rule 16). Any request for modification of this scheduling order must be in writing, set forth the requisite good cause and filed in accordance with the undersigned's Individual Rules. The parties are reminded that any requests to alter or extend a scheduling order *after* the deadlines have passed will need to establish good cause and in addition, excusable neglect, in accordance with Fed. R. Civ. P. 6(b)(1)(B).

Motions to resolve discovery disputes must be made by letter in accordance with Local Civil Rules 37.1 & 37.3 and in compliance with additional requirements set forth in the undersigned's Individual Rules, except deposition rulings which the Court encourages be sought during the deposition. Motions that do not comply with all requirements will be rejected.

**SIGNATURES:**

For Plaintiff(s):     /s/ Eric M. Sarver, Esq. (Sarver Law Firm, PLLC)

For Defendant(s):   /s/ Andrew B. Zinman, Esq. (Sichenzia Ross Ference Carmel LLP)

SO ORDERED:
s/ James M. Wicks
JAMES M. WICKS
United States Magistrate Judge

Dated: 12/15/25
Central Islip, New York

3