

December 16, 2025

**VIA ECF**
Hon. James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

   Re: *Jeffrey Appleman, CPA vs. Callan JMB Inc. et al.*,
      Case No. 2:25-cv-5593 (JMW)

Dear Judge Wicks:

  This firm represents Callan JMB Inc. ("Callan"), Coldchain Technology Services, LLC ("Coldchain"), and Wayne Williams ("Williams") (collectively, "Defendants") in the above-referenced matter. We write pursuant to Rule 3.D.1 of Your Honor's Individual Practice Rules to respectfully request a pre-motion conference before moving to partially dismiss the Complaint (Dkt. No. 1) filed by Jeffrey Appleman ("Appleman" or "Plaintiff") under Fed. R. Civ. P. 12(b)(6).

  Plaintiff, the former Chief Financial Officer ("CFO") of Callan, contends, *inter alia*, that his termination "for cause" was improper, Defendants did not follow contractual procedures or pay certain compensation and benefits he alleges were owed, and that Defendants' statements regarding the basis for his termination were false and caused reputational and professional harm. The Complaint asserts claims for breach of contract, declaratory relief, defamation, tortious interference with business relations, and negligent infliction of emotional distress. For the reasons set forth herein, the claims below should be dismissed (or limited as to the scope of damages sought) as they fail to state a claim upon which relief can be granted, and do not allege sufficient facts to support a plausible cause of action. Additionally, Coldchain should be dismissed as a party.

Plaintiff's claim for breach of contract as to confidentiality (Count V) cannot be sustained as the plain language of the Employment Agreement (the "Agreement")[1] imposes confidentiality obligations solely on Plaintiff. The Agreement contains no corresponding obligation on Defendants, and thus, Plaintiff cannot plausibly allege that the Defendants breached the confidentiality provisions. As to Plaintiff's other breach of contract claim (Count I), Plaintiff cannot recover damages under the severance provisions beyond any unpaid wages or benefits owed.[2] Pursuant to the terms of the Agreement, any potential bonuses are discretionary, and severance is only applicable and effected after the first anniversary of the Effective Date, *i.e.*, October 1, 2025. Even if terminated under Section 5(d), Plaintiff would not be entitled to severance and any damages sought should be limited to unpaid wages and benefits, if any. *See LeBlanc v. Bedrock Petroleum Consultants LLC*, 2021 WL 3884265, at *6 (S.D. Tex. Jun. 3, 2021).

Plaintiff's claim for defamation (Count III) fails as a matter of law and should be dismissed. The allegedly defamatory statements (an SEC 8K filing and related press release) are not capable of defamatory meaning because statements concerning an employee's termination or work performance are inherently nonspecific and not reasonably understood as defamatory. *See Ferguson v. Hilton Hotels Corp.*, No. H-09-4114, 2011 WL 1485680, at *7 (S.D. Tex. Apr. 19, 2011). Moreover, to the extent the statements are substantially true, they provide a complete defense under Texas law. *Golden Bear Distrib. Sys. of Tex., Inc. v. Chase Revel, Inc.*, 708 F.2d 944 (5th Cir. 1983). Plaintiff cannot plausibly allege that factually accurate disclosures created a

---

[1] The Agreement contains a Texas governing law provision.

[2] Plaintiff's claim for declaratory relief (Count II) must be dismissed as duplicative of their breach of contract claims. *Berkseth-Rojas v. Aspen Am. Ins. Co.*, 2021 WL 2936033, at *7 (N.D. Tex. July 13, 2021) (dismissing declaratory judgment claims as duplicative of breach of contract claims); *Great Am. Ins. Co. v. Goin*, 2017 WL 4238698, at *4 (N.D. Tex. Sept. 25, 2017) (rejecting declaratory judgment claims seeking the resolution of issues that are the mirror image of other claims).

December 16, 2025
Page 3

false and defamatory overall impression. *See Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938 (E.D. Tex. 2011). Finally, Plaintiff has not, and cannot, plausibly allege actual malice sufficient to overcome that privilege.[3]

Plaintiff's claim for tortious interference with prospective business relationships (Count IV) cannot be sustained because Plaintiff does not plausibly allege either a reasonable probability of entering a specific business relationship or any independently tortious or unlawful conduct. To state such a claim, a plaintiff must plead the existence of a probable business relationship and independently tortious interference; speculative or reputational harm alone is insufficient. *See Stone v. FINRA*, 694 F. Supp. 3d 774, 786 (E.D. Tex. 2023); *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013). Generalized allegations that reputational harm may have diminished future opportunities—without identifying a prospective agreement—are insufficient.[4]

Plaintiff's claim for negligent infliction of emotional distress (Count VII) fails as a matter of law because under Texas law, claims for emotional distress arising out of an employment relationship are not cognizable. *See Brunnemann v. Terra Int'l, Inc.*, 975 F.2d 175 (5th Cir. 1992); *Conaway v. Control Data Corp.*, 955 F.2d 358 (5th Cir. 1992).[5]

---

[3] *See also Loughlin v. Goord*, 558 F.Supp.3d 126 (2021) (finding qualified privilege for SEC filings based on common interest and legal duty principles).

[4] New York law follows substantially the same standards, requiring a plaintiff to identify specific prospective business relationships and wrongful means used to interfere with those relationships. *See 684 East 222nd Realty Co., LLC v. Sheehan*, 185 A.D.3d 879 (2020)*; 16 Casa Duse, LLC v. Merkin*, 791 F.3d 247 (2d Cir. 2015).

[5] *See also Giordano v. Gerber Scientific Products, Inc.*, 24 Fed.Appx. 79 (2001)*; Offor v. Mercy Medical Center,* 171 A.D.3d 502 (2019) (dismissed negligent infliction of emotional distress claim where employee did not allege employer owed a duty separate from its general obligations as an employer).

December 16, 2025
Page 4

Finally, Defendant Coldchain must be dismissed from all claims arising under the Agreement because there is no privity of contract between Plaintiff and Coldchain. As a non-party to the Agreement, Coldchain cannot be held liable for any alleged breaches, and Plaintiff cannot state a plausible claim based on the terms of a contract to which Coldchain was not a signatory. *Martin v. Orbital Energy Grp., Inc.*, No. 3:22-CV-1968-B, 2023 WL 2169909 (N.D. Tex. Feb. 22, 2023) (dismissing breach of contract claim against non-party to employment agreement). Similarly, Plaintiff's tort claims also fail because the allegedly tortious statements giving rise to the claims were made by Defendant Callan, and Coldchain did not make or issue any such statements. Nor importantly, does the Complaint plausibly allege otherwise.

In accordance with Rule 3.D.1, the parties have conferred and jointly propose the following briefing schedule: January 30, 2026 for Defendant's motion to dismiss; February 27, 2026 for Plaintiff's opposition; and March 27, 2026 for Defendant's reply.

We thank the Court for its consideration of this submission.

Respectfully submitted,

SICHENZIA ROSS FERENCE CARMEL LLP

*/s/ Andrew B. Zinman*
Andrew B. Zinman, Esq.
Wynee Ngo, Esq.

cc: All counsel of record (via ECF)

1185 Avenue of the Americas | 31st Floor | New York, NY | 10036
T (212) 930 9700 | F (212) 930 9725 | WWW.SRFC.LAW