# SARVER LAW FIRM, PLLC

106 West 32nd Street, Suite 147
New York, NY 10001

Tel: (917) 930-8684                         E-mail: ems@sarverlawfirm.com
Fax: (212) 409-8529                         Website: www.sarver-law.com

December 18, 2025

**Via ECF:**
The Honorable James M. Wicks
United States District Court, E.D.N.Y.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

         Re:     <u>*Jeffrey Appleman vs. Callan JMB, Inc., et al.*</u> Case No: 2:25-cv-05593 (JMW)

Dear Judge Wicks:

     Our firm represents Plaintiff, Jeffrey Appleman, in the above referenced matter. Pursuant to your Honor's Individual Practice Rules, we respectfully state Plaintiff's opposition to Defendants' arguments in their December 16, 2025 letter, as Defendants seek leave to move, pursuant to FRCP 12(b)(6), to partially dismiss Plaintiff's Complaint. Plaintiff seeks to highlight the legal basis for Plaintiff's claims to survive a motion to dismiss, and we request the opportunity to elaborate upon our arguments in an opposition brief to Defendants' (foreseeable) upcoming FRCP 12(b)(6) motion.

     Regarding Plaintiff's claim for breach of employment contract (Count I) vis-à-vis his termination without any of the "For Cause" provisions of the contract being met: the Defendants argue that, had the Defendants followed different procedures, then Plaintiff would have been properly terminated under the Employment Contract before his 1-year anniversary date, and thus, not entitled to severance or bonuses (only unpaid wages or benefits owed). (Defendants' Letter, Pg. 2). However, Plaintiff's Complaint pleads that the Defendants' breached a material provision of the Employment Agreement, which (a) protected

1

him from termination without a For Cause basis, and (b) required the Defendants to provide Notice and an opportunity to cure any alleged deficiencies in performance that were deemed "For Cause", *before* the Defendants could effectuate such termination of Plaintiff, Jeffrey Appleman. (*See Comp. Par. 13 – 14; Par. 21 – 25; Par. 31, and Par. 36 through 40; See also Annexed Exhibit A to Plaintiff's Complaint).* Plaintiff further pleaded sufficient facts which, construed in the light most favorable to the non-moving party (for purposes of an FRCP 12(b)(6) motion), demonstrate (or at the very least, create a material factual issue in dispute) that Plaintiff did not have deficiencies in his job performance, and did not fall under any of the "For Cause" contractual criteria required for his termination, per the Employment Agreement, Sections 11(c)(i) through 11(c)(iv)[1].

    In the absence of any For Cause reasons existing for Plaintiff's termination, and in light of Plaintiff's above satisfactory job performance as CFO (*Comp. Par. 17 – 20*), Plaintiff pleads that, under the Employment Agreement's provisions, Plaintiff would have still been employed by Defendant, Callan JMB, Inc., had they not breached the Employment Agreement, (at the very least, employed beyond his 1-year or 2-year anniversary of employment), and would have earned substantial severance pay, as well as earned pro-rata bonuses (per Complaint's Exhibit A, Employment Contract, Sections 5(d)(i)(2), 5(d)(i)(3) and 4(b); *See Comp. Par. 13 – 14; Par. 36-40).* Plaintiff's damages of loss of earned a bonus, based on his job performance and other company-related metrics, are additional factual issues that remain in dispute, to be addressed and proven during discovery, thus further rendering a 12(b)(6) motion to dismiss as premature. *See Chavez v. City of New York, 62 A.D.3d 929 (N.Y. App. Div. 2009)* (when faced with a FRCP 12(b)6 motion to dismiss, the Courts court to liberally construe the complaint, accept all factual allegations

---

[1] Plaintiff pleaded that he did not violate any of the Employment Agreement's For Cause grounds for termination, including: did not engage in any "willful, grossly negligent or unlawful misconduct… which causes material harm to Company or its reputation"; did not fail to perform his duties, nor wilfully disregard any directives of the Defendant Callan JMB Inc's Board of Directors, and did not have a "conviction, plea of guilty, or plea of nolo contendere… with respect to a criminal offense or felony".

as true, and give the non-moving party (the plaintiff) the benefit of every favorable inference); *See also LaFaro v. N.Y. Cardiothoracic Group, PLLC,* 570 F.3d 471, 475 (2nd Cir. 2009).

For the sake of brevity in this letter, Plaintiff seeks the opportunity to more fully brief the sufficiency of Count I (breach of employment contract) and Count V [Breach of Contract – Confidentiality] – and to demonstrate the validity of Plaintiff's basis for damages sought – with supporting case law in an opposition brief, while further providing case law in support of Count II for Plaintiff's claim for a Declaratory Judgment (*Comp. Par. 41 – 43).*

Plaintiff's claim for defamation (Count III) must not be dismissed as a matter of law, as Plaintiff has properly pleaded all of the elements of a prima facie claim for defamation under Texas law, with factual allegations in support thereof. *(Comp. Par. 25 – 30; Comp. Par. 34 – 35; Comp. Par 44 – 48).* Defendants' December 16, 2025 Letter states that "to the extent that the [Defendants'] statements <u>*are substantially true*</u>, they provide a complete defense under Texas law" [See Defendants' Letter, Page 2, citing *Ferguson v. Hilton Hotels Corp.,* 2011 WL 1485680, at *7 (S.D. Tex Apr. 19, 2011) and *Golden Bear Distrib. Sys. Of Texas, Inc. v. Chase Revel, Inc.,* 708 F.2d 944 (5th Cir., 1983) [Emphasis and italics added]. However, Defendants' argument presumes the truth of their statements contained in Defendants' filed SEC 8K filing, when in fact, Plaintiff sufficiently, and in ample detail, alleges that the Defendants: (a) *knew such information about Plaintiff's "For Cause" termination to be false, yet (b) knowingly filed / publicized these false statements to the business community and to the world, (c) did so in a public press release as well, and (d) made such false statements about Plaintiff in an attempt to harm and embarrass Plaintiff, to smear his professional reputation, and did in fact cause such specific, demonstrated harm to Plaintiff's professional, social and personal reputation. (See Comp, Count III).* Plaintiff was specifically told by his former employer that Plaintiff was no longer hirable due to the SEC 8K "for cause" termination statement, and has been unable to attain work since the published false statements about his "for cause" termination. *See Comp. Par 25 – 30; Par. 35, and Comp. Par. 44 – 48).*

3

Nor is it indisputable that a defendant company is automatically protected from a defamation claim, simply because their (false) statements are published in an SEC filing. *See Hawran v. Hixon, 209 Cal.App.4th 256 (2012)* [for the sake of brevity, additional case law regarding overcoming qualified privilege vis-à-vis SEC filings to be cited and addressed in Plaintiff's opposition brief if Defendants move to dismiss per FRCP 12(b)6]. Plaintiff's Complaint sufficiently alleged that that the Defendants knowingly and intentionally widely publicized false statements about Plaintiff (the for-cause termination, which is frequently associated in the public eye with gross negligence, wilful misconduct, or criminal action). Clearly, there are disputed factual issues related to Defendants' motivations for their statements, their level of malice and or recklessness, and factual issues remain unresolved related to the extent of harm to Plaintiff's personal and professional reputation, all of which are not ripe for dismissal before any discovery in this action. *See LaFaro v. N.Y. Cardiothoracic Group, PLLC, 570 F.3d 471, 475 (2nd Cir. 2009); Bowman v. Iddon,* 848 F.3d 1034, 1039 *(D.C. Cir. 2017) (quoting Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("A court reviewing a motion to dismiss under Rule 12(b)(6) must "accept[ ] as true all of the factual allegations contained in the complaint and draw all inferences in favor of the nonmoving party)."

Plaintiff further disputes Defendants' December 16 Letter, which argues for dismissal of Plaintiff's claim for Tortious Interference With Prospective Business Relations (Count IV), purportedly because Plaintiff, (a) "does not plausibly allege either a reasonable probability of entering a specific business relationship", (b) did not plead the existence of a "probable business relationship" that was tortiously interfered with, and (c) was based on speculative reputational harm alone" (see Defendants' Letter, page 3, with case cited therein). However, the factual allegations state otherwise: Plaintiff did plead demonstrated examples of specific, concrete business relationships that the Defendants interfered with and destroyed – such as Plaintiff's potential for rejoining a specific fractional CFO firm (CFO Consulting Partners, where he previously was employed). Thanks to the Defendants' actions, such prospective business relations were quashed for the expressed reason that "prospectives clients would Google 'Jeffrey

Appleman' and see he had been "fired for Cause" *thereby rendering Plaintiff 'not hirable'). See Comp. Par. 30; Comp. Par. 33 – 35).*

Finally, Plaintiff disputes Defendants' contentions that Count VII (negligent infliction of emotional distress) fails as a matter of law. Defendants cite to case law, finding that claims for emotional distress *arising out of an employment relationship* are not cognizable (Defendants' Letter, Page. 3; cases cited therein; Italics added). However, this argument is refuted by the fact that, per Plaintiff's properly pleaded claim, the emotional distress endured stems not just from the employment relationship or employment contract, but rather, stems from *the totality of alleged factual circumstances, including the Defendants knowingly disseminating and publishing false statements about Plaintiff*, among other allegations set forth in the Complaint, including alleging physical manifestation of harm (insomnia, anxiety attacks, *physical somatized pain, loss of appetite*, and other symptoms congruent with a negligent infliction of emotional distress cause of action. (*See Comp. Par*. 12 – 35; *Comp. Par. 63 through 68; satisfying the prima facie elements of an Negligent Infliction of Emotional Distress Claim*).

Plaintiff further avers that Defendant, ColdChain Technology Services, LLC ("Coldchain"), ought to be kept in the Complaint as a Defendant, since Plaintiff has pleaded specific factual allegations of (a) ColdChain's involvement in plaintiff's termination (i.e., Coldchain appeared on Plaintiff's paychecks as the source of his income, and (b) Defendant, Callan JMB, Inc., is the sole member of Coldchain, and Defendant, Wayne Williams, was the prior majority member of Coldchain, and (c) at this stage of the proceedings, pre-discovery, it would be premature to presume or conclude that all of the alleged causes of action were solely the actions of Callan JMB Inc. and Wayne Williams. Plaintiff has alleged Coldchain's role in the conduct complained of (including but not limited to: defamation, tortious interference with business relations, and intentional infliction of emotional distress, among other claims). Should this Court find any deficiencies with the pleading of any of Plaintiff's causes of action, then Plaintiff would seek leave to amend the pleadings accordingly. We thank your Honor for your attention to the within matter.

Sincerely,

                                                        *Eric M. Sarver Esq*
                                                        Eric Sarver, Esq.
                                                        Sarver Law Firm, PLLC
                                                        *Counsel for Plaintiff.*


Cc: Andrew Zinman, Esq. (Defense Counsel; via ECF)
    Wynee Ngo, Esq.     (Defense Counsel; via ECF)
    Mr. Jeffrey Appleman  (Plaintiff)